ORIGINAL

STEPHEN M. SHAW, ESQ. #4336
P.O. Box 2353
Honolulu, Hawaii 96804
Tel: (808) 521-0800
Fax: (808) 531-2129
Email: shawy001@gmail.com

Attorney for Plaintiffs
CHARLES J. TURNER,
DAE'VID LEI GUEVARA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 24 2011

at __3__ o'clock and __00__ min. __P__ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES J. TURNER, <br> DAE'VID LEI GUEVARA, <br><br>                  Plaintiffs, <br> vs. <br><br> ASSOCIA, A Corporation; <br> HAWAII FIRST INC., A Corporation; <br> DOES 1-30, <br><br>                  Defendants. | CIVIL NO. 00332ACK BMK <br><br><br><br> COMPLAINT; <br> EXHIBITS A.1-A.23 <br> JURY DEMAND; <br> SUMMONS |

## COMPLAINT

Plaintiffs CHARLES J. TURNER, DAE'VID LEI GUEVARA, for complaint against Defendants arising under the Federal Fair Debt Collection Practices Act, 15 USC §1692k(d) and related state claims, allege as follows:

1

## PARTIES

1. Plaintiffs are residents of the District of Hawaii.

2. Defendant ASSOCIA is a corporation, on information and belief, domiciled in Texas, which recently acquired Defendant HAWAII FIRST INC., a Hawaii Corporation. Collectively defendants are referred to sometimes as "AHF" or "Defendants". **Exhibits (ex) A.1** and **A.2**.

3. Defendants DOES 1-10 are attorneys, partners, or any other individual or entity who defendants, or any co-defendants, may assert claims of indemnity against; or, upon whose involvement the "advice of counsel", or advice of anyone, is raised as a defense to this lawsuit, or from whom an indispensable party defense is raised.

4. Defendants named herein as DOES 1-30 are persons or entities who are in some manner presently unknown to Plaintiffs. The claims are similar to those against certain of the defendants herein. Plaintiffs have made a good faith effort to ascertain their names and/or identities, and connection to this action, and will add those names/identities by amendment, when known.

## BACKGROUND

5. Defendant AHF is a debt collector for condominium associations, advertising itself as such, within the meaning of 15 USC §1692a(6). **Exhibits A.3,**

**A.5, A.7** and **A.9** are just a sample of these advertisements. Plaintiffs are informed and believe that AHF (A) has sufficient volume of collection activities, collects debts as a matter of course for its clients, or collects debts as a substantial part of its business, and (B) has a steady relationship with the creditors it represents.

6.    On or about May 25, 2010, Defendants made an initial communication with Plaintiffs, condominium owners, in connection with the collection of alleged debts. Since May 25, 2010, these communications have persisted, on or about a monthly basis. The most egregious of the alleged debts was for unspecified attorneys' fees. **Ex A.12-A.15.**

7.    At no time, despite repeated requests has Defendant AHF described or itemized the alleged debt for attorneys' fees. **Ex A.12-A.18.** Instead, through means including their website, Defendants threaten liens or foreclosures for nonpayment of all debts demanded, including the alleged debt for attorneys' fees. **Ex A.11.**

## DAMAGES ALLEGATIONS INCORPORATED INTO CLAIMS AND COUNTS

8.    Defendants have committed unlawful debt collection practices resulting in damages as aforesaid; including actual and additional damages as provided by 15 USC §1692k. The frequency and persistence of the intentional

noncompliance by Defendant AHF and the large number of persons adversely afflicted require the imposition of the maximum damages.

9. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs were required to divert substantial resources, money, and time to deal with problems caused by Defendants' conduct and omissions, all to Plaintiffs' injury and financial loss, in amounts which will be added, according to proof. See for example, **Ex. A.17 and A.18.**

10. As a direct and proximate result of Defendants' wrongful acts and omissions alleged in this complaint, Plaintiffs are involved in proceedings with a third party. A further <u>element of damages</u>, as attorney's fees and costs, has been caused by mediation and administrative procedures with third parties, as a result of Defendants' wrongful acts and omissions.

11. As a direct and proximate result of the conduct of the Defendants, and each of them, Plaintiffs have been deprived of the use and benefit of their money and property, and they have sustained substantial actual damages. Defendants' conduct has been the legal and proximate cause of actual or special damages to the Plaintiffs in an amount to be determined at the time of trial, including, but not limited to, fees and expenses as elements of damage.

12. As a further direct and proximate result of the conduct of the Defendants, and each of them, Plaintiffs have sustained general damages, including

general damages exceeding $150,000 per plaintiff in the IIED claim, plus interest, in the amounts to be shown by proof at the time of trial.

13.    In committing the acts and omissions in the claims based on IIED, defendants acted intentionally, wantonly, oppressively, maliciously and fraudulently, with a conscious disregard of the Plaintiffs' rights, with the intention of benefiting themselves financially; with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or willful conduct; or, an entire want of care raising the presumption of a conscious indifference to consequences, justifying imposition of exemplary damages on the second claim; and with the intention of causing, or recklessly disregarding the probability of causing, injury to Plaintiffs.

14.    As to acts and omissions in the claim for IIED, Defendants as principals, or as employers, had advance knowledge of the unfitness of employees, agents, or partners involved herein, and employed them with a conscious disregard of the rights or safety of others and authorized or ratified the wrongful conduct for which damages are claimed. The oppression, fraud, or malice of Defendants' employees was on the part of one or more officers, directors, or managing agents. In so acting, the Defendants intended to, and did, vex, annoy, injure and harass the Plaintiffs. As a result of such conduct, Plaintiffs are entitled to exemplary and punitive damages, according to proof, on claims other than the FDCPA violation.

## RESERVATION/NONWAIVER

15. Plaintiffs maintain and reserve their dispute over the underlying debts.

16. Plaintiffs maintain and reserve each and every cause of action against the original creditor, its employees and agents, arising out of all acts or omissions except violation by Defendant AHF of the FDCPA and the claim against AHF for IIED as herein alleged.

## FIRST CLAIM - VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiffs incorporate the foregoing allegations.

18. Plaintiffs are least sophisticated debtors.

19. Defendant AHF is attempting to collect a debt for alleged attorneys' fees and other items from Plaintiffs as defined by 15 USC §1692a(5).

20. The initial communication about debts including the alleged debt for legal services was dated May 25, 2010. A true and correct copy of the initial communication is attached hereto as **Ex A.12.**

21. Five (5) days after the initial communication in connection with collecting the aforesaid debts has elapsed. Neither the initial communication nor any communication within five (5) days thereof contained the notices mandated by

15 USC §1692g(a), subdivisions (3) through (5), all in violation of 15 USC §1692g.

## SECOND CLAIM - VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiffs incorporate the foregoing allegations.

23. Beginning on or about June 10, 2000, Plaintiffs notified Defendants in writing that the alleged debt for attorneys' fees was disputed. See **for example**, **Exhibits A.16, A.17, A.18, A.20, A.21 and A.23.**

24. Defendants refused to provide verification of the alleged debt or to itemize it, all in violation 15 USC §1692g(b),

## THIRD CLAIM -   VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiffs incorporate the foregoing allegations.

26. On May 25, 2010 and thereafter, Defendant repeatedly represented that a debt was due without verifying it or describing it, all in violation of 15 USC §1692e(2) (false representation of status of debt or services rendered); including, without limit at **Exhibits A.12-A.15, A.19, A.20 and A.22.**

## FOURTH CLAIM -   VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiffs incorporate the foregoing allegations.

28.   On May 25, 2010 and thereafter Defendant failed to make the specific disclosures required by 15 USC §1692e(11), including, without limit at **Ex A.12-A.15, A.19, A.20 and A.22.**

### FIFTH CLAIM -   VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

29.   Plaintiffs incorporate the foregoing allegations.

30.   On May 25, 2010 and thereafter, Defendants used unfair or unconscionable means to collect or attempt to collect on alleged debt in that, Plaintiffs are informed, that such amounts or not authorized by an agreement creating the debt or permitted by law, all in violation of 15 USC §1692f(1).

### SIXTH CLAIM -   VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

31.   Plaintiffs incorporate the foregoing allegations.

32.   On or about June 10, 2010 and thereafter, Defendants applied payments to alleged debts which are disputed by Plaintiffs, all in violation of 15 USC §1692h; including without limit at **Ex A.12, A.14, A.15, A.19, A.20 and A.23.**

### SEVENTH CLAIM -   VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

33.   Plaintiffs incorporate the foregoing allegations.

34.   On January 25, 2011, Defendants used or distributed a form which stated "In accordance with the rules of the National Automated Clearing House, information from the check sent with this payment may be used to create an electronic debit to your account. The electronic debit on your statement is proof of payment." **Ex A.19**.

35.   The foregoing representation cited a false impression that the statement or procedure was approved by the United States or any state, all in violation of 15 USC §1692e(1).

### EIGHTH CLAIM - VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

36.   Plaintiffs incorporate the foregoing allegations.

37.   Use of the statement in the Seventh Claim is a deceptive means to collect debts, or to obtain information concerning Plaintiffs, all in violation of 15 USC §1692e(10).

### NINTH CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (STATE CLAIM)

38.   Plaintiffs incorporate the foregoing allegations, as through fully set forth herein.

39. The foregoing acts and omissions by Defendants were intentional or reckless.

40. Said acts or omissions were outrageous.

41. The foregoing acts and omissions caused extreme emotional distress to Plaintiffs, all to their damage as aforesaid.

**WHEREFORE, Plaintiffs pray for relief as follows:**

1. For all damages, and other relief authorized by the FDCPA and 15 USC §1692k;

2. For actual, general damages of 300,000, and punitive damages according to proof on the IIED claim;

3. For individual liability of officers and directors, should any entity be undercapitalized or underinsured.

4. For costs of suit and such other relief as the Court deems just.

DATED: Honolulu, Hawaii, May 24, 2011.

_____
STEPHEN M. SHAW
Attorney for Plaintiffs
CHARLES J. TURNER
DAE'VID LEI GUEVARA